UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LENDR.ONLINE, LLC,

                         Plaintiff,

            -against-                                    22-CV-0126 (LTS)

MOUNT ETNA PARTNERS LLC d/b/a                            ORDER
AMERICAN FIBREX, RISEN, INC. and
GARRETT REINCKE,

                         Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

Defendant Garrett Reincke, who is appearing *pro se*, filed a notice of removal to remove

to this court an action pending in the New York Supreme Court, Nassau County ("Nassau County

Supreme Court"). *See Lendr.online, LLC. v. Mount Etna Partners LLC d/b/a American Fibrex*,

No. 613293 (N.Y. Sup. Ct., Nassau Cnty.).

Although Reincke has not paid the fees to remove this action, or submitted an application

to proceed *in forma pauperis* ("IFP"), because the notice of removal is improper, the Court

remands this action to the Nassau County Supreme Court.

## STANDARD OF REVIEW

A defendant in a state court action may remove a matter to federal district court if the

district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). To remove a state

court action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district
> and division within which such action is pending a notice of removal signed
> pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short
> and plain statement of the grounds for removal, together with a copy of all
> process, pleadings, and orders served upon such defendant or defendants in such
> action.

28 U.S.C. § 1446(a). The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002). If there is a procedural defect, a federal district court may remand an action to the state court *sua sponte* within 30 days of the filing of the notice of removal, and may do so any time for a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

## BACKGROUND

In 2020, Plaintiff Lendr.online, LLC ("Lendr") filed a complaint in Nassau County Supreme Court, asserting breach-of-contract claims. In its complaint, Lendr named as Defendants Reincke, Mount Etna Partners LLC d/b/a American Fibrex ("American Fibrex"), and Risen, Inc. ("Risen"). In this removed action, American Fibrex and Risen are not represented by counsel, and Reincke appears to have removed the action on their behalf.

Reincke asserts that he filed the notice of removal within "30 days of receipt . . . of the filing of the [complaint]," and that "[a]ll defendants consent to this removal but have not been served." (ECF 1, at 1, 2.)

## DISCUSSION

Removal of this case is improper. Civil actions may be removed only to the federal district court embracing the place where the state action is pending. 28 U.S.C. § 1441(a). Reincke has removed this action from Nassau County Supreme Court. Thus, the United States District Court for the Eastern District of New York is the proper federal district court to remove this action, as that court embraces the place where the state-court action is pending. *See* 28 U.S.C. § 112(c).

This removal is also improper because Reincke, who is proceeding *pro se*, appears to seek to represent the other defendants' interest, which he may not do. As a nonlawyer, Reincke can only represent his own interests. *See* 28 U.S.C. § 1654; *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted). As Reincke cannot represent American Fibrex and Risen *pro se*, he may not seek to remove this action on their behalf.

The Court concludes that because this case may not be removed, it should be remanded to the Nassau County Supreme Court. *See Mitskovski*, 435 F.3d at 131 (noting that the Circuit has "interpreted section 1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").

## CONCLUSION

Because removal of this action is improper, it is remanded under 28 U.S.C. § 1447(c) to the New York Supreme Court, Nassau County. The Clerk of Court is directed to send a copy of this order to that court and to close this action. All pending matters are terminated.

The Clerk of Court is also directed to mail a copy of this order to Reincke and note service on the docket.

SO ORDERED

Dated:   January 18, 2022
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge